**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-20966

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ARNOLD JOSEPH FREDDIE,

                    Defendant-Appellant.


Appeal from the United States District Court
For the Southern District of Texas
(H-95-CR-125-1)

August 30, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Arnold Joseph Freddie appeals his guilty-plea conviction for using and carrying a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c). Freddie argues that his guilty-plea conviction should be vacated because there is not a sufficient factual basis for his plea in view of the

---

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Supreme Court's interpretation of the term "use" in § 924(c) in *Bailey v. United States,* ___ U.S. ___, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). *Bailey* redefined the term "use" of a firearm under § 924(c), but had no effect on our prior precedent regarding the definition of the term "carry." *United States v. Rivas,* 85 F.3d 193, 195 (5th Cir. 1996).

Freddie's knowing transportation of the firearm in the vehicle to protect himself and the drugs during the drug transaction constitutes "carrying" within the meaning of § 924(c). *See id*. at 195-96. Therefore, we AFFIRM Freddie's conviction.